## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANTHONY EATON, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HAMILTON GROUP FUNDING, JAMES MCCAUGHAN, AND IRA GOLDBERG,<br><br>Defendants. | Civil Action No. |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Anthony Eaton ("Eaton"), individually and on behalf of all others similarly situated ("the Representative Plaintiff"), by and through his undersigned counsel, as and for their Collective Action Complaint against Defendants, Hamilton Group Funding ("Hamilton"), ("Defendants") allege as follows:

## JURISDICTION AND VENUE

1.  The Representative Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., to recover unpaid earned overtime compensation and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b).

2.  Jurisdiction over the Representative Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.  Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

4.  Plaintiff Anthony Eaton ("Eaton") is a resident of Richmond, Virginia. Eaton was employed by Defendants as a loan officer in at Defendants' office located at Richmond, Virginia from on or about February 2015 to August 2015. At all relevant times, Eaton was an "employee" as defined by the FLSA, 29 U.S.C. § 203. Pursuant to 29 U.S.C. §216(b) of the FLSA, Eaton's written consent to become a party plaintiff is attached hereto as Exhibit "A."

5.  Defendant Hamilton Group Funding ("Hamilton") is a New York corporation with locations in various regions throughout the United States, including its corporate headquarters located at 1551 Sawgrass Corporate Parkway, Suite 300, Sunrise, Florida 33323, where Hamilton's high-level officers direct, control and coordinate the corporation's activities.

6.  At all relevant times, Defendant Jim McCaughan ("McCaughan") was the Vice President and Regional Sales Manager of Hamilton and a resident of Florida. At all times relevant, McCaughan exercised operational control over Hamilton, controlled significant business functions of Hamilton, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Hamilton in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, McCaughan was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

7.  At all relevant times, Defendant Ira Goldberg ("Goldberg") was the Executive Sales Manager of Hamilton and a resident of Florida. At all times relevant, Goldberg exercised operational control over Hamilton, controlled significant business functions of Hamilton, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Hamilton in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Goldberg was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

## UNDERLYING FACTS

8. At all relevant times, Defendants employed loan officers throughout the United States including, upon information and belief, in Florida, Virginia, Georgia, Maryland, North Carolina, New Mexico, Oklahoma, South Carolina, Tennessee, and Texas.

9. At all times relevant to this action, Eaton was employed as a loan officer for the benefit of and at the direction of Defendants.

10. Eaton's primary job duties were always to originate mortgage loans for Defendants.

11. These duties primarily included dealing with potential borrowers by telephone and through email transmissions.

12. During his employment, Eaton performed his primary duties for Defendants at their office located at 9100 Arboretum Parkway, Suite 100, Richmond, Virginia 23236.

13. During his employment, Eaton also performed his primary duties for Defendants from a home office.

14. During his employment, Eaton worked seven days a week.

15. During this time, Eaton worked Monday through Friday from 7:00 a.m. to 5:00 p.m, but with an additional four hours at night. On Saturdays and Sundays, Eaton's schedule fluctuated but he always worked a minimum of four hours each day.

16. During this time, Eaton did not take a meal break on Mondays through Fridays and no meal breaks on the weekends.

17. During his employment, Eaton worked regularly worked over 40 hours per week.

18. During his employment, Eaton was paid on a commission only basis.

19. Defendants only paid Eaton when a loan that he worked on closed and funded.

20. At all relevant times, Defendants improperly classified the Representative Plaintiff and other similarly-situated loan officers working for them as exempt from the overtime requirements of the FLSA and state law.

21. Defendants failed to make and maintain true and accurate records of all the time worked by the Representative Plaintiff and other similarly-situated loan officers.

22. Defendants did not record the hours worked by the Representative Plaintiff and other similarly-situated loan officers during each day and each week of their employment.

23. Defendants knew or should have known that the Representative Plaintiff and other similarly-situated loan officers worked in excess of forty (40) hours during each week of their employment.

24. Defendants did not pay the Representative Plaintiff or other similarly-situated loan officers time-and-a-half their regular rates of pay for time worked in excess of forty (40) hours each week.

25. Other similarly-situated loan officers who have worked and still work for Defendants are subject to the same practices and policies to deprive them of overtime wages as the Representative Plaintiff.

26. Defendants managed the Representative Plaintiff's employment and the employment of other similarly-situated loan officers, including the amount of overtime worked. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

27. Defendants' failure to pay proper wages in a timely manner were made without good faith, willful, and with reckless disregard for rights of the Representative Plaintiff and other

similarly-situated loan officers; and the Representative Plaintiff and other similarly-situated loan officers have been damaged by such failures.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. The Representative Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following collective:

> All loan officers who worked for Defendants at any time from three (3) years prior to the filing of this action to the entry of judgment who have not been paid overtime wages for all time worked in excess of forty (40) hours in any given workweek.[1]

29. The similarly-situated putative plaintiffs are known to Defendants, are readily identifiable, and may be located through Defendants' records. They may be readily notified of this action, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime wages.

30. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the proposed collective action.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO PAY MINIMUM WAGES

31. Plaintiffs reassert and re-allege the allegations set forth in each of the paragraphs above.

32. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an

---

[1] The parties entered into a Tolling Agreement effective March 5, 2018 on behalf of the putative class of loan officers. The Tolling Agreement was canceled on March 29, 2018, and the cancellation became effective on April 9, 2018. Plaintiff, on behalf of the putative class members, seeks recovery for the additional time during which the statute of limitations was tolled.

enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §207(a)(1).

33. Defendants routinely and regularly failed to pay members of the collective action the applicable minimum hourly wage, in violation of 29 U.S.C. §206(a). As a result of Defendants' unlawful practices, Plaintiff and other members of the FLSA collective suffered a loss of wages.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, ET SEQ.
## FAILURE TO PAY OVERTIME WAGES

34. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

35. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

36. The corporate Defendant was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or in the production of goods for commerce.

37. The Representative Plaintiff and the FLSA collective are individuals engaged in commerce because they regularly communicated with potential borrowers in several states throughout the United States by telephone and email transmissions.

38. At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiffs who have worked as loan officers in Florida.

39. Upon information and belief, the gross annual volume of sales made or business done by the Corporate Defendant for the years 2014 to the present has not been less than $500,000.00 each year.

40. At all relevant times, the Representative Plaintiff and members of the FLSA collective are entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

41. Section 207(a)(1) of the FLSA states that an employer must pay its employees overtime equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 in any given workweek.

42. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay the Representative Plaintiff and members of the FLSA collective overtime compensation as required by the FLSA.

43. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to the Representative Plaintiff or the similarly situated employees because they have not met the requirements for coverage under the exemptions.

44. The Representative Plaintiff and members of the FLSA collective are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA collective action and has deprived them of overtime wages.

45. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

46. As a result of Defendants' violations of the FLSA, the Representative Plaintiff and the members of the FLSA collective have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, the Representative Plaintiff, individually and on behalf of all others similarly situated, by and through their attorneys, the Shavitz Law Group, P.A., the Law Offices of Erik H. Langeland, P.C., Stephan Zouras, LLP, and Tostrud Law Group, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiffs and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all loan officers who currently work for or who have worked for Defendants within the last three years;

B. Authorize Plaintiff's counsel to issue a notice at the earliest possible time to all current and former loan officers employed by the Defendants during the three years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they worked in excess of forty (40) hours in a week during the liability period, for which they were not paid required overtime in accordance with the FLSA.

C. Declare and find that the Defendants committed one or more of the following acts:

   1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt into this Action;

   2. Willfully violated the overtime provisions of the FLSA;

8

D.  Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

E.  Award liquidated damages;

F.  Award interest on all claims and other compensation due accruing from the date such amounts were due;

G.  Award all reasonable attorney's fees and costs incurred;

H.  Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I.  Provide such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: April 13, 2018                         Respectfully Submitted,

s/ Gregg I. Shavitz
Gregg I. Shavitz
Camar R. Jones
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Tel: (561) 447-8888
Fax: (561) 447-8831
gshavitz@shavitzlaw.com
cjones@shavitzlaw.com

Erik H. Langeland
733 Third Avenue, 15th Floor
New York, N.Y. 10017
Tel: (212) 354-6270
elangeland@langelandlaw.com

James B. Zouras
Ryan F. Stephan

9

Andrew C. Ficzko
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, IL 60601
Tel: (312) 233-1550
jzouras@stephanzouras.com

Jon A. Tostrud (admitted pro hac vice)
Anthony M. Carter (admitted pro hac vice)
TOSTRUD LAW GROUP, P.C.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 278-2600
jtostrud@tostrudlaw.com

Attorneys for the Representative Plaintiff and
the Putative Collective Class

**CONSENT TO JOIN COLLECTIVE ACTION**
Hamilton Group Funding

**Complete and Return To:**
**Erik H. Langeland, P.C.**
**Attn: Hamilton Group Funding**
**733 Third Avenue, 15th Floor**
**New York, NY 10017**
**(212) 354-6270**
**(212) 898-9086 (Fax)**
**elangeland@langelandlaw.com**

By signing below, I state that I have been employed by Hamilton Group Funding or one of its subsidiaries or affiliates as a loan officer, or other similarly titled position within the past three (3) years and: A) was not paid minimum wage; and/or, B) worked in excess of forty (40) hours per week in at least one workweek but was not paid overtime compensation. I hereby consent to join this lawsuit for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

I hereby designate ERIK H. LANGELAND, P.C. ("Plaintiffs' Counsel") and other attorneys with whom he may associate to represent me for all purposes of this action.

I also designate the Class Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, settlement, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims.

04/12/2018
Date

Signature

Anthony Eaton
Print Name