UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  18-cv-21463-KMW

ANTHONY EATON, Individually, and
On Behalf of All Others Similarly
Situated,

      Plaintiffs,

vs.

HAMILTON GROUP FUNDING,
JAMES MCCAUGHAN, and
IRA GOLDBERG,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Defendants, HAMILTON GROUP FUNDING, JAMES MCCAUGHAN, AND IRA GOLDBERG (collectively "Defendants"), through undersigned counsel, hereby respond to Plaintiff's Complaint as follows.  Defendants deny each and every allegation in Plaintiff's Complaint not expressly admitted herein.

## JURISDICTION AND VENUE

1.      In response to the allegations contained in paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to bring a collective action for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"), but deny that Plaintiff is entitled to any relief in this action and deny that collective action treatment is appropriate.

2.      In response to the allegations contained in paragraph 2 of the Complaint, Defendants admit that jurisdiction is proper in this Court solely as to Hamilton Group Funding. However, Defendants McCaughan and Goldberg deny that this Court has jurisdiction over them

as they are not covered employers under the FLSA.

3.      In response to the allegations contained in paragraph 3 of the Complaint, Defendants admit that venue is proper in the United States District Court for the Southern District of Florida but deny that any improper actions occurred within this District regarding Plaintiff.

## PARTIES

4.      In response to the allegations contained in paragraph 4 of the Complaint, Defendants admit that Plaintiff was employed with Hamilton Group Funding from February 27, 2015 to September 3, 2015 and that Plaintiff is a covered employee under the FLSA but deny the remaining allegations contained in paragraph 4.

5.      Defendants admit the allegations contained in paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in paragraph 6 of the Complaint, except admit that McCaughan is employed with Hamilton Group Funding and that McCaughan resides in Florida.

7.      Defendants deny the allegations contained in paragraph 7 of the Complaint, except admit that Goldberg is employed with Hamilton Group Funding and that Goldberg resides in Florida.

## UNDERLYING FACTS

8.      Defendants admit the allegations contained in paragraph 8 of the Complaint solely as to Hamilton Group Funding, but deny these allegations as to McCaughan and Goldberg.

9.      Defendant deny the allegations contained in paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.      Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.      Defendants are without sufficient knowledge or information regarding the allegations contained in paragraph 14 of the Complaint and, therefore, deny said allegations.

15.      Defendants are without sufficient knowledge or information regarding the allegations contained in paragraph 15 of the Complaint and, therefore, deny said allegations.

16.      Defendants are without sufficient knowledge or information regarding the allegations contained in paragraph 16 of the Complaint and, therefore, deny said allegations.

17.      Defendants are without sufficient knowledge or information regarding the allegations contained in paragraph 17 of the Complaint and, therefore, deny said allegations.

18.      Defendants admit the allegations contained in paragraph 18 of the Complaint solely as to Hamilton Group Funding, but deny these allegations as to McCaughan and Goldberg.

19.      Defendants admit the allegations contained in paragraph 19 of the Complaint solely as to Hamilton Group Funding, but deny these allegations as to McCaughan and Goldberg.

20.      Defendants deny the allegations contained in paragraph 20 of the Complaint as to Plaintiff.  Defendants are without sufficient knowledge or information regarding the "similarly-situated loan officers" referred to therein and, therefore, deny said allegations.

21.      Defendants deny Plaintiff's legal premise contained in paragraph 21 of the Complaint.  Defendants had no duty to make and maintain true and accurate records of time worked by Plaintiff or other similarly situated loan officers.

22.      Defendants deny Plaintiff's legal premise contained in paragraph 22 of the Complaint.  Defendants had no duty to record the hours worked by Plaintiff or other similarly situated loan officers.

23.      Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny Plaintiff's legal premise contained in paragraph 24 of the Complaint.  Defendants had no obligation to pay Plaintiff or other similarly situated loan officers overtime wages.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28.     In response to the allegations contained in paragraph 28 of the Complaint, Defendants admit that Plaintiff purports to bring a collective action against Defendants but deny that Plaintiff has satisfied the requirements for doing so and deny that collective action treatment is appropriate.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO PAY MINIMUM WAGES

31.     Defendants reallege and reaffirm their responses to paragraphs 1 through 30 as if fully set forth herein.

32.     Defendants state that the allegations contained in paragraph 32 of the Complaint consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants state that the provision of the FLSA quoted therein speaks for itself and is the best evidence of its terms.

33.     Defendants deny the allegations in contained in paragraph 33 of the Complaint.

## COUNT II VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 29 U.S.C. §201 ET SEQ. FAILURE TO PAY OVERTIME WAGES

34.     Defendants reallege and reaffirm their responses to paragraphs 1 through 30 as if fully set forth herein.

35.     Defendants state that the allegations contained in paragraph 33 of the Complaint consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants state that the provision of the FLSA quoted therein speaks for itself and is the best evidence of its terms.

36.     Defendants admit the allegations contained in paragraph 36 of the Complaint solely as to Hamilton Group Funding, but deny said allegations as to McCaughan and Goldberg.

37.     In response to the allegations contained in paragraph 37 of the Complaint, Defendants admit that Plaintiff was a covered employee under the FLSA.  Defendants are without sufficient knowledge or information regarding the "FLSA collective" referred to in paragraph 37 and, therefore, deny the remaining allegations contained therein.

38.     Defendants admit the allegations contained in paragraph 38 of the Complaint solely as to Hamilton Group Funding, but deny said allegations as to McCaughan and Goldberg.

39.     Defendants admit the allegations contained in paragraph 39 of the Complaint.

40.     In response to the allegations contained in paragraph 40 of the Complaint, Defendants admit that Plaintiff was a covered employee under the FLSA.  Defendants are without sufficient knowledge or information regarding the "members of the FLSA collective" referred to in paragraph 40 and, therefore, deny the remaining allegations contained therein.

41.     Defendants state that the allegations contained in paragraph 41 of the Complaint consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants state that the provision of the FLSA quoted therein speaks for itself and is

the best evidence of its terms.

42.      Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.      Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.      Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.      Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.      Defendants deny the allegations contained in paragraph 46 of the Complaint.

In response to the unnumbered WHEREFORE clause following paragraph 46 of the Complaint (including subparts (A) through (I)), Defendants admit that Plaintiff and "others similarly situated" seek the relief set forth therein, but deny that Plaintiff and/or any "others similarly situated" are entitled to any relief whatsoever in this action.

## RESPONSE TO DEMAND FOR JURY TRIAL

In response to the unnumbered jury trial demand following paragraph 46 of the Complaint, Defendants admit that Plaintiff demands trial by jury, but deny that there are any issues so triable.

## AFFIRMATIVE DEFENSES

1.      Defendants assert that the Complaint fails to state a cause of action upon which relief may be granted because Plaintiff's claims are barred by the exemptions provided in Section 13 of the FLSA (29 U.S.C. § 213), 29 C.F.R. §§ 541.200-204, and/or 29 C.F.R. §§ 541.500-504.

2.      Defendants McCaughan and Goldberg assert that the Complaint fails to state a cause of action upon which relief may be granted against them because these Defendants were not Plaintiff's "employer" under or within the meaning of the FLSA.  Accordingly, McCaughan and Goldberg are not proper Defendants in this action.

3.      Defendants deny any liability under or within the meaning of the FLSA.

However, to the extent that the Court may determine that Defendants' acts or omissions cast them in liability under the FLSA, Plaintiff's claims are, nonetheless, barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

4.      Every portion of Plaintiff's FLSA claims (or the claims of any similarly situated individuals) arising outside the statute of limitations are barred as set forth in the Portal-to-Portal Act, 29 U.S.C. §§ 255 & 257.

5.      Plaintiff's claims for liquidated damages (as well as such claims brought by any similarly situated individuals) are barred because Defendants did not willfully violate and, in fact, acted in good faith regarding the requirements of the FLSA.

6.      Defendants assert that they are not subject to liability under the FLSA for any alleged failure to pay overtime compensation for either "preliminary or postliminary activities" or for "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform" in accordance with the Portal-to-Portal Act, 29 U.S.C. § 254.

7.      Defendants assert that they are not subject to liability under the FLSA and that this action should be barred because any "omission of overtime payments complained of was in good faith in conformity with and in reliance . . . on administrative practice or enforcement policy of any such agency with respect to the class of [Defendants'] employers" in accordance with the Portal-to-Portal Act, 29 U.S.C. § 258.

8.      Defendants assert that the claims in the Complaint are barred by payment in that Plaintiff has received all compensation he is entitled to under the FLSA.

9.     In the event of a judgment adverse to Defendants, Plaintiff is not entitled to recover both liquidated damages and pre-judgment interest in an action arising under the FLSA.

10.     Defendants assert that any insubstantial or insignificant periods of recorded working time beyond Plaintiff's scheduled working hours (or the scheduled working hours of any similarly situated individuals), which as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minimis* and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47.

11.     Defendants assert that Plaintiff's claims (as well as claims of any similarly situated individuals) are barred in whole or in part by the doctrines of waiver, estoppel, laches, ratification, acquiescence, unclean hands, accord and satisfaction, payment, and release.

WHEREFORE, having answered the Complaint and raised affirmative defenses thereto, Defendants hereby request: (1) that Plaintiff take nothing by reason of the Complaint, and that the same be dismissed with prejudice on the merits; (2) that Defendants be awarded judgment in their favor against Plaintiff; and (3) that Defendants be granted such further and other relief as the Court deems just and proper.

Dated:  May 11, 2018.                                    Respectfully submitted,

By: */s/ Jennifer T. Williams*
    Susan N. Eisenberg
    Florida Bar No. 600393
    seisenberg@cozen.com
    Jennifer T. Williams
    Florida Bar No. 0174203
    jtwilliams@cozen.com
    Cozen O'Connor
    200 S. Biscayne Blvd. Suite 3000
    Miami, Fla. 33131
    Telephone: (305) 704-5944
    Facsimile: (786) 220-0207

    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel and parties of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Jennifer T. Williams*
Jennifer T. Williams

## SERVICE LIST

*Anthony Eaton, et al. vs. Hamilton Group Funding, et al.*
*Case No.: 1:18-cv-21463-KMW*

**United States District Court**
**Southern District of Florida**

| | |
|---|---|
| Gregg I. Shavitz<br>Camar R. Jones<br>SHAVITZ LAW GROUP, P.A.<br>1515 South Federal Highway, Suite 404<br>Boca Raton, FL 33432<br>Tel: (561) 447-8888<br>Fax: (561) 447-8831<br>gshavitz@shavitzlaw.com<br>cjones@shavitzlaw.com<br><br>Erik H. Langeland<br>733 Third Avenue, 15th Floor<br>New York, N.Y. 10017<br>Tel: (212) 354-6270<br>elangeland@langelandlaw.com<br><br>James B. Zouras<br>Ryan F. Stephan<br>Andrew C. Ficzko<br>STEPHAN ZOURAS, LLP<br>205 N. Michigan Avenue, Suite 2560<br>Chicago, IL 60601<br>Tel: (312) 233-1550<br>jzouras@stephanzouras.com<br><br>Jon A. Tostrud (admitted pro hac vice)<br>Anthony M. Carter (admitted pro hac vice)<br>TOSTRUD LAW GROUP, P.C.<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Tel: (310) 278-2600<br>jtostrud@tostrudlaw.com<br><br>*Attorneys for the Representative Plaintiff and*<br>*the Putative Collective Class*<br>*Served via CM/EC* | Susan N. Eisenberg, Esq.<br>seisenberg@cozen.com<br>Jennifer T. Williams, Esq.<br>jtwilliams@cozen.com<br>Cozen O'Connor<br>200 S. Biscayne Blvd. Suite 3000<br>Miami, Florida 33131<br>Telephone: (305) 704-5941<br>Facsimile: (786) 220-0470<br><br>*Attorneys for Defendant*<br>*Served via CM/ECF* |