UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-21463-CIV-WILLIAMS

ANTHONY EATON, *et al*,

      Plaintiffs,

vs.

HAMILTON GROUP FUNDING,
*et al.*,

      Defendants.

_____/

## ORDER DENYING MOTION FOR IN CAMERA REVIEW OF SETTLEMENT AGREEMENT

**THIS MATTER** is before the Court on the Parties' joint motion for in camera review and approval of FLSA settlement agreement. (DE 45). Local Rule 5.4(a) provides that court filings must be filed as part of the public docket unless otherwise provided by law, Court rule, or Court order. Local Rule 5.4(b) requires that a party seeking to make a filing under seal must file a motion to seal that "sets forth the factual and legal basis for departing from the policy that Court filings are public."

Specifically, in FLSA cases, courts have been reluctant to grant motions to seal or for in camera review of settlement agreements:

> The presumption that the record of a judicial proceeding remains public "is surely most strong when the 'right at issue is of a 'private—public character,' as the Supreme Court has described employee rights under the FLSA.' " *Stalnaker*, 293 F.Supp.2d at 1264 (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 708, 65 S.Ct. 895, 89 L.Ed. 1296 (1945)). Sealing an FLSA settlement agreement between an employer and employee, reviewing the agreement *in camera*, or reviewing the agreement at a hearing without the agreement's appearing in the record (in any event precluding other employees' and the public's access to, and knowledge of, the agreement) thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace.

> Furthermore, before sealing a document, the district court must identify and articulate "an overriding interest based on findings that [a seal] is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the [sealing] order was properly entered." *Press–Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). Preventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by a judicial seal, which is warranted only under "extraordinary circumstances" typically absent in an FLSA case. Absent an "overriding interest" in the preservation of some "higher value," the court should not abide the parties' request for a seal.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245–46 (M.D. Fla. 2010); *see also Webb v. CVS Caremark Corp.*, No. 5:11-CV-106 CAR, 2011 WL 6743284, at *2 (M.D. Ga. Dec. 23, 2011) ("There is strong support that FLSA settlement agreements should never be sealed or reviewed *in camera*.").

The Parties' motion argues why the settlement agreement should be approved but it fails to set forth good cause for why the settlement agreement should be reviewed in camera. The bare-bones motion merely states that the Parties wish the contents of the agreement to remain confidential. Without more, the Court cannot grant the Parties' motion. Accordingly, it is **ORDERED AND ADJUDGED** that the Parties' motion for in camera review of the settlement agreement (DE 45) is **DENIED**. The Parties are **ORDERED** to file their settlement agreement on or before April 10, 2019.

**DONE AND ORDERED** in chambers in Miami, Florida, this 8th day of April 2019.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

2