UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-21463-KMW

ANTHONY EATON, Individually, and
on Behalf of All Others Similarly
Situated,

    Plaintiff,

v.

HAMILTON GROUP FUNDING,
JAMES MCCAUGHAN, AND IRA
GOLDBERG

    Defendants.
_____/

### *RENEWED* JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT

Plaintiff, ANTHONY EATON, and Opt In Plaintiffs, ANN HYATT, ALBERT NUNNALLY, KATHLEEN MARTINEZ, NATALYA HILL, ELAGENE TROSTLE, KELLY CORDERO, EDWIN PETRUS, MATTHEW UNDERWOOD, and ABRAHAM STOWE (collectively "Plaintiffs"), and Defendants, HAMILTON GROUP FUNDING, JAMES MCCAUGHAN, and IRA GOLDBERG (collectively "Defendants"), through their undersigned counsel, jointly move for the Court to approve the settlement reached by the parties in this suit instituted under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq. ("FLSA"), and in support thereof, state:

### BACKGROUND

1.    Plaintiff EATON filed this action for unpaid overtime pursuant to the FLSA on April 13, 2018. Plaintiff alleged that during his employment as a Mortgage Loan Officer with

Defendants, he was paid on a commission-only basis, and was not paid any overtime, although he regularly worked over 40 hours per week. D.E. #1 at ¶¶ 17-18.

2. After Plaintiff filed his Complaint, 9 other individuals joined this action, similarly alleging that during their employment with Defendants, they were not paid overtime compensation, despite having regularly worked over 40 hours a week. These individuals are: Natalya Hill, Kathleen Martinez, Edwin Petrus, Elagene Trostle, Matthew Underwood, Albert Nunnally, Ann Hyatt, Kelly Cordero and Abraham Stowe ("Opt-In Plaintiffs"). *See* D.E. #s 4, 12, 24.

3. With the exception of Opt-In Plaintiff Stowe, Plaintiff and all the Opt-In Plaintiffs filed a Statement of Claim D.E. #13, in which they alleged they were owed the following overtime damages:

| Plaintiff | Statement of Claim Amount[1] |
|---|---|
| Anthony Eaton | $1,400.00 |
| Ann Hyatt | $2,750.00 |
| Albert J. Nunnally | $2,700.00 |
| Kathleen Martinez | $6,900.00 |
| Natalya Hill | $1,150.00 |

---

[1] The Statement of Claim was filed before Stowe joined the case. Stowe alleges he was employed by Defendants from approximately January 1, 2014 to February 28, 2016, which is a period of 35 work weeks within the FLSA's 3-year statute of limitations. During this time, Stowe worked approximately 10 to 15 hours per week, and earned an estimated $500.00 in commissions each week. Based on the foregoing, Stowe alleges he is owed the following damages:

$500/50 = $10.00 regular rate
$10.00/2 = $5.00 half time overtime rate
$5.00 x 10 overtime hours x 35weeks = $1,750.00 in overtime damages

2

| Elagene Trostle | $3,500.00 |
| --- | --- |
| Kelly Cordero | $1,800.00 |
| Edwin Petrus | $1,050.00 |
| Matthew Underwood | $2,000.00 |

4.  Defendants filed their Answer and Affirmative Defenses to the Complaint. D.E. #14. Defendants' principal defense to the Complaint was that Plaintiffs were exempt from the overtime provisions of the FLSA pursuant to the FLSA's outside sales exemption. Defendants further contended that Plaintiffs' damages, if any, should be limited to 2 years because any alleged violation of the FLSA was not willful such that a 3-year statute of limitations would be unwarranted. Further, Defendants contended should Plaintiffs prevail on their overtime claims, Plaintiffs should not receive liquidated damages because Defendants acted in good faith and with reasonable grounds for believing that they properly classified Plaintiffs as exempt from the overtime provisions of the FLSA.

5.  The parties served document requests on each other, and sought to take Plaintiffs' depositions. However, before the depositions took place, on January 17, 2019, the parties attended mediation with Allan Weitzman, Esq., who possesses significant experience in wage and hour matters.

6.  The parties evaluated the factual disputes and legal issues, and evaluate the risks both parties faced, including: (a) whether Mortgage Loan Officers were properly classified as exempt from overtime pursuant to the FLSA's outside sales exemption; (b) if Plaintiffs were misclassified, whether Defendants' alleged violation of the FLSA was willful such that Plaintiffs would be entitled to damages within the FLSA's three year statute of limitations; (c) if Plaintiffs were misclassified, whether Defendant lacked good faith bases for the misclassification,

warranting an award of liquidated damages to Plaintiffs; (d) whether Plaintiffs regularly worked overtime, and the amount of damages Plaintiffs could likely prove because Plaintiffs did not record the hours they worked; e) whether this action was appropriate for conditional certification of an FLSA Collective; and (f) if the Court granted conditional certification, whether the case would be ultimately decertified after the parties spent significant money on merits discovery.

7.  The parties were unable to resolve the case at mediation. However, through continued settlement discussions over the following weeks, the parties were able to resolve this action just before a series of depositions were going to be taken including a corporate rep depositions and depositions of Plaintiffs in multiple states. The terms of the parties' settlement are memorialized in the settlement agreements signed by the named Plaintiff and each of the Opt-In Plaintiffs.

8.  Under the settlement agreements, Defendants will pay Plaintiff and each of the Opt-In Plaintiffs the full amounts claimed in their Statements of Claim as alleged unpaid overtime wages, in addition to an equal amount as liquidated damages. Additionally, Defendants will separately pay Plaintiffs' Counsel for their attorneys' fees and costs for their representation of Plaintiffs. With respect to attorneys' fees, Plaintiffs' Counsel incurred over $225,000.00 in attorneys' fees. Plaintiffs' Counsel incurred attorneys' fees to prepare pleadings, prepare declarations and fully brief their Motion for Conditional Certification [D.E. # 26], conduct discovery, analyze and prepare damages calculations, attend mediation, engage in settlement negotiations, and prepare settlement and dismissal documents. Additionally, Plaintiffs' Counsel incurred $8,742.43 in taxable costs for the case filing fee, service of process on each defendant, travel and lodging expenses for out of state counsel's attendance at mediation, and Plaintiffs' portion of the mediation fee.

LEGAL\40074061\1

9. The Parties stipulate that the negotiated settlement reached between the Parties represents a "fair" resolution of Plaintiffs' FLSA claims, as well as Plaintiffs' reasonable attorneys' fees and costs. The settlement award to Plaintiffs and the attorneys' fees were independently negotiated. Additionally, each Plaintiff is receiving 100% of the overtime ***and*** liquidated damages claimed in the Statement of Claim. This is the case although Defendants asserted good faith bases for classifying Mortgage Loan Officers as exempt, and there remains a dispute whether Defendants willfully misclassified Mortgage Loan Officers as exempt. The separately negotiated attorneys' fees and costs in the amount of $123,742.43 ($115,000.00 attorneys' fees and $8,742.43 in costs) recovered by Plaintiffs' Counsel is discounted approximately 50% from the actual attorneys' fees and costs incurred. The Parties also stipulate that the settlement reached between them advances judicial economy.

10. Plaintiffs and Defendants have been represented by counsel throughout the negotiation process. The Parties agree, based on the scope of the claims and the costs of continued litigation that the settlement of Plaintiffs' FLSA claims represents a fair and reasonable resolution that should be approved by the Court.

## MEMORANDUM OF LAW

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. <u>Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,</u> 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in <u>Lynn's Food</u>,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . .
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their

5

>employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

In accordance with Lynn's Food, the Court's review of the attached Agreements is to determine if the settlement is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiffs success on the merits:
(5) the range of possible recovery; and
(6) the opinions of counsel.

See, e.g, Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist, LEXIS 10287 at *2-3 (M.D. Fla. Jan, 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at *2-3.

The settlement of Plaintiffs' FLSA claims in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Plaintiffs and Defendants after extensive investigation, discovery, and arms-length negotiations which ultimately resulted in Plaintiffs recovery 100% of the overtime damages sought in the Statement of Claim. Had litigation continued, the parties would have incurred significantly more attorneys' fees and costs to conduct depositions of Defendants and Opt In Plaintiffs, some of whom reside out of state, and

would require attorneys for both parties to travel to their depositions. Indeed, Defendant scheduled Plaintiffs depositions for February 13, 14, 15 and 20, 2019 in Raleigh North Carolina, Annapolis, Maryland, Richmond, Virginia, Norfolk, Virginia and Hilton Head, South Carolina. Additionally, Plaintiffs scheduled Defendant's corporate representative deposition for February 14, 2019. But recognizing the expense of conducting the depositions, the parties were able to reach a settlement on January 31, 2019. Further, Defendant realized the risk that had the Court granted the Motion for Conditional Certification, potentially a large number of individuals would opt into this action resulting in significantly more expenses to defend this case. The parties avoided these additional expenses by resolving Plaintiffs' claims. At all times, Plaintiffs and Defendants were represented by competent counsel experienced in the litigation of FLSA claims, and the parties jointly submit that their Agreements represent a reasonable compromise of Plaintiffs' FLSA claims.

The settlement of attorneys' fees and costs was independent and agreed upon separately from the amounts calculated to be owed to the Plaintiffs. The settlement amount of attorneys' fees and costs was a compromised figure based on Plaintiffs' counsel's lodestar and costs. "[W]hen attorney's fees are negotiated separately from the payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *Gertz v. Coastal Reconstruction*, 2014 U.S. Dist. LEXIS 130302, at *5 (M.D. Fla. Sept. 10, 2014) (citing *McGinnis v. Taylor Morrison, Inc*., 2010 U.S. Dist. LEXIS 143198 (M.D. Fla. Jan. 23, 2010); *King v. My Online Neighborhood, Inc*., 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Mar. 7, 2007)); *Bonetti v. Embarq Mgmt. Co*., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (same). Thus, there is "no need to further scrutinize amount allocated for attorneys' fees and costs [as] they were negotiated separately and apart from the compensation paid to

Plaintiff." *Welch v. Moonlite Hospitality Servs., LLC*, 2011 U.S. Dist. LEXIS 137145, at *5, n. 2 (M.D. Fla. Nov. 28, 2011) (citations omitted).

In this matter, the settlement amounts to be paid to the Plaintiffs were negotiated separately and apart from the fees and costs to be paid to Plaintiffs' counsel. Plaintiffs' counsel is not seeking to recover anything further from the Plaintiffs or Potential Opt-In Plaintiffs beyond the amounts Defendant will pay through this settlement. In light of Plaintiffs receiving all overtime and liquidated damages within the FLSA's 3-year statute of limitations, the Parties respectfully submit that the attached Agreements should be approved by the Court consistent with precedent, including Lynn's Food, 679 F.2d at 1353.

WHEREFORE, Plaintiffs, ANTHONY EATON, and Opt In Plaintiffs, ANN HYATT, ALBERT NUNNALLY, KATHLEEN MARTINEZ, NATALYA HILL, ELAGENE TROSTLE, KELLY CORDERO, EDWIN PETRUS, MATTHEW UNDERWOOD, and ABRAHAM STOWE, and Defendants, HAMILTON GROUP FUNDING, JAMES MCCAUGHAN, and IRA GOLDBERG respectfully request that this Court: (a) find their settlement agreements fair and reasonable; (b) approve the settlements; (c) dismiss this action with prejudice; and (d) grant any other relief the Court deems just.

RESPECTFULLY SUBMITTED on this 10th day of April, 2019

By: /s/ Camar R. Jones
    Gregg I. Shavitz
    Camar R Jones
    Shavitz Law Group, P.A.
    951 Yamato Road
    Suite 285
    Boca Raton, FL 33431
    Telephone: (561) 447-8888
    Facsimile: (561) 447-8831
    gshavitz@shavitzlaw.com
    cjones@shavitzlaw.com

By: /s/ Susan N. Eisenberg
    Susan N. Eisenberg
    Florida Bar No. 600393
    Jennifer T. Williams
    Florida Bar No. 0174203
    200 South Biscayne Blvd.
    Suite 3000
    Miami, Florida 33131
    Telephone: (305) 704-5944
    Facsimile: (786) 220-0207
    seisenberg@cozen.com
    jtwilliams@cozen.com

                                           **ATTORNEYS FOR**
                                             **DEFENDANTS**

Erik H. Langeland
The Law Offices of Erik H. Langeland, PC
733 Third Avenue, 15th Floor
New York, New York 10017
(212) 354-6270
(212) 898-9086 f
elangeland@langelandlaw.com

James B. Zouras
Ryan F. Stephan
Catherine T. Mitchell
Stephan Zouras, LLP
100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312-233-1550
312-233-1560 f
jzouras@stephanzouras.com
www.stephanzouras.com

Jon Tostrud
Tostrud Law Group, PC
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
310-278-2600
310-278-2640 f

**ATTORNEYS FOR PLAINTIFFS**

LEGAL\40074061\1